[No. AO18306. First Dist., Div. Five. Nov. 22, 1983.]

CAROL O'CONNELL, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD et al.,
Defendants and Appellants;
BOYKIN BERKELEY, INC., Real Party in Interest and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, John Davidson and Charlton G. Holland, Deputy Attorneys General, for Defendants and Appellants.

James O. Barney, Philip Bertenthal and Elizabeth R. Arnold for Plaintiff and Respondent.

No appearance for Real Party in Interest and Respondent.

OPINION

LOW, P. J.—We hold that absent a statutory notice by an employer, the presumption that a discharged employee is qualified for unemployment benefits controls the burden of proof at each of the four possible fact-finding levels of review.

Defendants California Unemployment Insurance Appeals Board et al., appeal from that part of the judgment of the Contra Costa County Superior Court issuing a writ of mandate directing defendants and their agents and employees to comply with the proper effect of the presumption in Unemployment Insurance Code section 1256.

Unemployment Insurance Code section 1256, as it was worded at the time this action was filed in 1977,[1] stated in pertinent part: "An individual is disqualified for unemployment compensation benefits if the director finds that he left his most recent work voluntarily without good cause or that he has been discharged for misconduct connected with his most recent work. [¶] An individual is presumed to have been discharged for reasons other than misconduct in connection with his work and not to have voluntarily left his work without good cause unless his employer has given written notice to the contrary to the director within five days after the termination of service, setting forth facts sufficient to overcome the presumption. The presumption provided by this section is rebuttable." (Stats. 1973, ch. 761, § 1, p. 1371.)

The trial court construed the presumption to control the burden of proof at each level of appeal (from the Employment Development Department, to the administrative law judge, to the Board through the superior court) regardless of whether it was deemed rebutted at a lower level.

In her first cause of action, plaintiff sought to set aside defendants' administrative decision denying unemployment insurance (hereafter UI) benefits. In other causes of action, plaintiff sought injunctive and declaratory relief on behalf of a class of all future UI recipients to correct defendants' erroneous interpretation of the presumption set forth in Unemployment Insurance Code section 1256.

In April 1978, a hearing limited to the first cause of action was held, after which the trial court issued an order remanding the matter for a new hearing. On remand it was determined that plaintiff was eligible for UI benefits.

---

[1] Section 1256 has been modified in a manner not pertinent to this appeal. (Stats. 1982, ch. 1073, § 1, p. 3864.)

On November 25, 1981, plaintiff filed motions for class certification, summary judgment and peremptory writ of mandate. Defendants filed a cross-motion to dismiss. After a hearing, the court denied plaintiff's motion to certify the class and denied defendants' motion to dismiss. Rulings on those motions are not challenged in this appeal.

Plaintiff's motions for summary judgment and peremptory writ of mandate were then considered. The trial court entered judgment that defendants had been improperly interpreting and applying the presumption in Unemployment Insurance Code section 1256.

■ Defendants contend the correct interpretation of section 1256 is that once the presumption is deemed rebutted by the department in its initial determination of eligibility for benefits, it ceases to have any effect during the review process. In support of their contention, defendants cite two cases: *Zorrero* v. *Unemployment Ins. Appeals Bd.* (1975) 47 Cal.App.3d 434 [120 Cal.Rptr. 855] and *Mar Shee* v. *Maryland Assurance Corp.* (1922) 190 Cal. 1 [210 P. 269]. Neither of the two cases cited is controlling. In *Zorrero, supra,* the evidence was undisputed. Therefore, the *Zorrero* holding that "[w]hen the facts are established, as here, the [Unemp. Ins. Code, § 1256] presumption loses its force and does not carry forward to require the department or the reviewing court to presume that those facts *as a matter of law* constitute 'good cause'," does not apply to a case where the facts are disputed as in the instant case. (47 Cal.App.3d at p. 438, italics added.) *Mar Shee, supra,* holds that "when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case." (190 Cal. at p. 9.) The *Mar Shee* case was decided under obsolete statutes which defined a presumption as evidence, a view now considered aberrational. The modern objections to the line of cases upholding the presumption as evidence are summarized in the Assembly Committee on Judiciary and Law Revision Commission comments to Evidence Code sections 600 and 601: The doctrine resulted in confusion and decades of legal wrangling, "requir[ing] the jury to perform an intellectually impossible task." (See Cal. Law Revision Com. com. to Evidence Code, § 601, 29B West's Ann. Evid. Code (1966 ed.) p. 546; Cal. Assembly Committee on Judiciary com. to Evidence Code, § 600, 29B West's Ann. Evid. Code (1966 ed.) p. 513.) The 1922 *Mar Shee* decision is no longer viable authority for interpreting a presumption in the law. Evidence Code section 601 states, in part, "[e]very rebuttable presumption is either (a) a presumption affecting the burden of producing evidence or (b) a presumption affecting the burden of proof." ■ The rebuttable presumption in Unemployment Insurance Code section 1256 is one which affects the burden of proof. (*Perales* v. *Department of Human Resources Dev.* (1973) 32 Cal.App.3d 332, 340 [108 Cal.Rptr. 167].)

■ In a trial or hearing where the presumed fact is in dispute, a rebuttable presumption affecting the burden of proof directs the trier of fact as follows: When "the party against whom the presumption operates . . . introduces evidence that tends to prove the nonexistence of the presumed fact and such evidence is sufficient to support a finding of the nonexistence of such presumed fact: . . . [¶] (a) The trier of fact must find that the presumed fact exists, unless the party against whom the presumption operates convinces the trier of fact, by a preponderance of the evidence . . . of the nonexistence of such presumed fact . . . ." (2 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) § 46.3, rule 4, p. 1701.) In any trial or hearing with independent fact-finding responsibilities, a presumption affecting the burden of proof plays an essential part in directing the fact-finder: " 'Burden of proof' means the obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Evid. Code, § 115.)

■ The first four stages of proceedings in the appeal process for UI benefits involve the independent weighing of evidence by a fact finder. First, the department determines eligibility on the basis of information it has received. (Unemp. Ins. Code, § 1328.) Second, hearing may be held before an administrative law judge (ALJ), who renders a written decision stating the facts and reasons for the decision. (Unemp. Ins. Code, § 1334; Cal. Admin. Code, tit. 22, §§ 5038, 5045.) The third stage may be before the Board which independently weighs the evidence as shown in the ALJ's hearing record together with new evidence which may be admitted; the Board includes a statement of facts in its written decision. (Unemp. Ins. Code, §§ 409, 1336; Cal. Admin. Code, tit. 22, § 5116; Cal. Unemp. Ins. Appeals Bd., Precedent Decision P-T-13 (1968) pp. 17-21.) The fourth stage may be an administrative mandate proceeding in which the superior court, under the independent judgment test, must reweigh the evidence and may admit and, if appropriate, consider new evidence. (Code Civ. Proc., § 1094.5; *Pacific Legal Foundation* v. *Unemployment Ins. Appeals Bd.* (1981) 29 Cal.3d 101, 108 [172 Cal.Rptr. 194, 624 P.2d 244]; *Interstate Brands* v. *Unemployment Ins. Appeals Bd.* (1980) 26 Cal.3d 770, 775-776, 777-782 [163 Cal.Rptr. 619, 608 P.2d 707].)

Logic dictates that in order for the appeal process to be internally consistent in each proceeding with fact-finding responsibilities, the burden of proof as to each material fact must remain on the same party. If all evidence pertinent to a material fact were evenly balanced on each side, the fact-finder must find for the party which does not have the burden of proof. If the burden of proof were to change, as argued by defendants, a subsequent fact-finder considering identically balanced evidence would be required to rule in favor of the losing party below.

In the instant case, it is undisputed that the presumption in Unemployment Insurance Code section 1256, once triggered, controls the burden of proof at the department determination level. Case law implicitly shows that the same presumption, once triggered, determines the burden of proof at the administrative mandate proceeding in the trial court. (*Perales* v. *Department of Human Resources Dev.*, *supra*, 32 Cal.App.3d at pp. 340-341; *Rabago* v. *Unemployment Ins. Appeals Bd.* (1978) 84 Cal.App.3d 200, 212 [148 Cal.Rptr. 499].) For the total system to be workable, allocation of the burden of proof must be the same in the second and third stages of the review process as in the first and fourth. The trial court properly construed the presumption.

The judgment is affirmed.

King, J., and Haning, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 18, 1984.